UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

IDDRISU HARUNA,

        Petitioner,

        Case No. 1:23-cv-954

v.

        Honorable Robert J. Jonker

U.S. DEPARTMENT OF HOMELAND
SECURITY,

        Respondent.

_____/

## OPINION

This is a habeas corpus action brought by a United States Immigration and Customs Enforcement (ICE) detainee under 28 U.S.C. § 2241. Petitioner is currently incarcerated at the Calhoun County Correctional Center in Battle Creek, Michigan. In his § 2241 petition, Petitioner seeks release from ICE detention, asserting that his continued detention pending removal violates his constitutional rights and rights under federal statutory law. (ECF No. 1.)

In an order (ECF No. 3) entered on September 21, 2023, the Court directed Respondent to answer the petition. Respondent filed its response on November 17, 2023. (ECF No. 6.) Petitioner filed a reply to that response on November 29, 2023. (ECF No. 8.) For the following reasons, the Court will dismiss Petitioner's petition.

## Discussion

**I.    Factual Allegations**

Petitioner is a citizen of Ghana. (ECF No. 6-1, PageID.75.) He entered the United States near Del Rio, Texas, on March 15, 2022. (*Id.*) That same day, he was apprehended by United States Border Patrol personnel because he had not been admitted by an immigration officer. (Mikulec

Decl. ¶ 4, ECF No. 6-1, PageID.38.) The next day, Petitioner was paroled from custody and enrolled in the Alternatives to Detention Program, with orders to report to the ICE Office of Enforcement and Removal Operations (ERO) in Detroit, Michigan. (*Id.* ¶ 5.) On November 14, 2022, Petitioner filed a Form I-589, Application for Asylum and Withholding of Removal, with the United States Citizenship and Immigration Services (USCIS). (*Id.* ¶ 6.)

On January 19, 2023, law enforcement officers in Calhoun County, Michigan, arrested Petitioner on charges of fraud (identity theft) and a sex offense (solicitation of a minor). (*Id.* ¶ 7.) On January 30, 2023, the Department of Homeland Security (DHS) commenced removal proceedings against Petitioner. (*Id.* ¶ 8.) Petitioner was served with a Form I-286, Notice of Custody Determination, that advised Petitioner that he would be detained by DHS pending the outcome of his removal proceedings. (*Id.* ¶ 9.) Petitioner subsequently requested that an immigration judge review that custody determination. (*Id.*)

On February 8, 2023, Petitioner pled guilty to possession of a counterfeit/forged state identification card in the 10th District Court in Battle Creek, Michigan. (*Id.* ¶ 10.) The solicitation of minors charge was dismissed. (*Id.*) That same day, Petitioner appeared before an immigration judge in Detroit, Michigan, where counsel withdrew Petitioner's request for bond redetermination. (*Id.* ¶ 11.)

On February 14, 2023, DHS served Petitioner with Form I-261, Additional Charges of Inadmissibility/Deportability. (*Id.* ¶ 12.) That same day, Petitioner, through counsel, filed a motion for bond redetermination. (*Id.*) On February 24, 2023, an immigration judge denied Petitioner's motion, concluding that Petitioner posed a danger and a flight risk. (*Id.* ¶ 14.) Petitioner did not appeal that decision. (*Id.*)

On March 22, 2023, Petitioner, through new counsel, filed a motion for a second bond hearing. (*Id.* ¶ 18.) On March 29, 2023, an immigration judge denied that motion "for failure to show a material change in circumstances." (*Id.*) Petitioner did not appeal that decision. (*Id.*)

On June 25, 2023, Petitioner and counsel appeared before the immigration judge for a merits hearing regarding Petitioner's applications for relief. (*Id.* ¶ 21.) At the conclusion of the hearing, the immigration judge found Petitioner inadmissible, denied his applications for relief, and ordered that Petitioner be removed to Ghana. Petitioner, through new counsel, appealed that decision to the Board of Immigration Appeals (BIA) on July 2, 2023. (*Id.* ¶ 22.) On October 20, 2023, the BIA summarily dismissed Petitioner's appeal for failure to file a brief. (*Id.* ¶ 28.)

On October 30, 2023, Petitioner, through counsel, filed a motion asking the BIA to reconsider the dismissal of the appeal. (*Id.* ¶ 29.) As of November 16, 2023, the BIA had not ruled on that motion. (*Id.*) However, public records indicate that on November 3, 2023, Petitioner, through counsel, filed a petition for review of his immigration proceedings in the United States Court of Appeals for the Sixth Circuit. *See generally Haruna v. Garland*, No. 23-3893 (6th Cir.). Petitioner's emergency motion for a stay of removal is still pending before that court. *Id.* (No. 13).

Petitioner filed his § 2241 petition on September 11, 2023. He contends that he does not pose a danger to the community and that his detention is unreasonable. (Pet., ECF No. 1, PageID.4.) Petitioner represents that, if released, he intends to live with his sponsor in Franklin Park, Illinois. (*Id.*, PageID.1.)

**II.    Discussion**

Respondent first asserts that Petitioner's petition should be dismissed because Petitioner's order of removal became final when the BIA dismissed his appeal on October 20, 2023, and, therefore, Petitioner became subject to a mandatory 90-day period of detention starting on that

3

date. (ECF No. 6, PageID.31.) Petitioner, however, contends that his removal is not final because of the petition for review that is pending in the Sixth Circuit. (ECF No. 8, PageID.263.)

Title 8, United States Code, § 1226 governs the detention of aliens who have been arrested and detained pending a decision on removability. *See* 8 U.S.C. § 1226. Section 1231 of Title 8, however, governs the detention of aliens who are subject to final orders of detention. When an alien is ordered removed, "the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). That section also governs when the removal period begins:

> The removal period begins on the latest of the following:
>
> (i) [t]he date the order of removal becomes administratively final.
>
> (ii) [i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) [i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B). During the 90-day removal period, detention is mandatory. *Id.* § 1231(a)(2).

Here, the BIA dismissed Petitioner's appeal on October 20, 2023. Thus, Petitioner's order of removal became administratively final on October 20, 2023. Although Petitioner has a petition for review and emergency motion for stay of removal pending in the Sixth Circuit, public records indicate that the Sixth Circuit has not yet ruled upon that motion such that subsection (ii) *supra* would apply. Petitioner, therefore, is currently subject to a final order of removal and is accordingly detained pursuant to § 1231(a).

Because the BIA dismissed Petitioner's appeal on October 20, 2023, the 90-day removal period began on that date and will expire on January 18, 2024. As noted above, detention during that 90-day period is mandatory. 8 U.S.C. § 1231(a)(2). For that reason alone, this Court cannot review Petitioner's detention. Moreover, following that 90-day period, the government may

continue to detain Petitioner "for a presumptively reasonable period" of time, which the Supreme Court has concluded equals six months. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Following that six-month period, "once [an] alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Because Petitioner is currently subject to mandatory detention pursuant to § 1231(a)(1), the Court will dismiss his § 2241 petition. That dismissal, however, will be without prejudice to Petitioner's right to file a new § 2241 petition challenging his continued detention should the Sixth Circuit grant his motion for a stay of removal, which would place Petitioner back into pre-final removal order status, or should Petitioner's post-final removal order detention continue past the presumptively reasonable six-month period set forth in *Zadvydas*.

## Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's § 2241 petition.[1]

Dated:   December 19, 2023          /s/ Robert J. Jonker
                                    Robert J. Jonker
                                    United States District Judge

---

[1] In § 2241 cases involving immigration detainees, the Court need not address whether to grant a certificate of appealability. *See Ojo v. I.N.S.*, 106 F.3d 680, 681 (5th Cir. 1997).